UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
AL ALIM BARRIE,

                              Petitioner,                    11 CIV 8913 (RPP)
                                                             07 CR 158 (RPP)
             -against-
                                                             **OPINION & ORDER**
UNITED STATES OF AMERICA,

                              Respondent.
--------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

        Pursuant to 28 U.S.C. § 2255, Al Alim Barrie (the "Petitioner") brings a motion to vacate

the sentence imposed following his July 8, 2009 conviction for conspiracy to commit bank fraud,

substantive bank fraud, and aggravated identity theft.  See United States v. Magassouba et al.,

No. 07 CR 158-2 (S.D.N.Y. July 15, 2009).  Petitioner argues that he is entitled to relief because

appellate counsel provided ineffective assistance by failing to challenge the sufficiency of the

evidence as to Petitioner's conviction for aggravated identity theft under 18 U.S.C. § 1028A and

because trial counsel provided ineffective assistance by failing: to inform Petitioner as to the

knowledge element required for a conviction under § 1028A; to object to testimony offered by a

Government expert witness; to object to violations of the Speedy Trial Act; and to object to the

constitutionality of the enhancement scheme embodied in the Sentencing Guidelines and applied

by this Court.  (See Mot. to Vacate, Set Aside, or Correct Sentence ("Pet'r Mem.."), No. 11 CIV

8913, ECF No. 1.)  For the reasons discussed below, Petitioner's § 2255 motion to vacate is

DENIED.

I.      **BACKGROUND**

    A.      **Underlying Facts**

On October 27, 2008, a federal grand jury issued an eight-count Indictment against Petitioner charging him with one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349; six counts of substantive bank fraud in violation of 18 U.S.C. §§ 2, 1344; and one count of aggravated identity theft in violation of 18 U.S.C. §§ 2, 1028A.  (See Fourth Superseding Indictment, No. 07 CR 158, Oct. 27, 2008, ECF No. 37.)  A jury trial commenced before this Court on February 24, 2009.  At trial, the Government presented evidence that Petitioner conspired with two other persons, Moussa Magassouba ("Magassouba") and Ahmed Conde ("Conde"), to obtain money from banks by altering, counterfeiting, and stealing checks, and by fraudulently transferring funds from a credit card account to one of their own personal accounts.  See United States v. Magassouba et al., 619 F.3d 202, 203 (2d Cir. 2010).

    At trial, the Government's case first addressed acts undertaken by Petitioner between January 2003 and September 2005, during which time Petitioner worked as a mail room messenger at Cleary, Gottlieb, Steen & Hamilton LLP ("Cleary"), an international law firm located in Manhattan.  (Trial H'rg Tr. ("Tr.") 168-75.)  The evidence presented showed that, while at Cleary, Petitioner stole at least four checks mailed to the firm by clients in payment for legal services rendered.  (See Tr. 146-58, 396-97, 400-07, 490-97, 528-40, 568-80.)  The four checks totaled approximately $110,000.  (See id.)  The evidence further showed that the stolen checks were altered and deposited into personal bank accounts by Petitioner, Magassouba, and Conde and that funds were withdrawn soon after the stolen checks cleared.  (See id.)  At trial, the Government also presented evidence that the co-conspirators participated in numerous calls to

one another during the period when each of the checks were received in the Cleary mail room and just after each deposit and withdrawal event.  (See Gov't Ex. 1060.)

Secondly, the Government presented evidence that, on May 2, 2005, an unauthorized check for $9,200 from the account of Patricia Rehn ("Rehn") was deposited into Petitioner's personal Citibank account and, on that same day, an unauthorized check for $4,500, also from Rehn's account, was deposited into Magassouba's personal JP Morgan Chase bank account.  (Tr. 413-14, 474.)  On May 6, 2005, Citibank reversed the check deposited into Petitioner's personal bank account.  (Tr. 416, 471-84, 502, 511-19.)  Before the check deposited into Magassouba's personal bank account could be reversed, however, $2,500 was withdrawn from the account on May 9, 2005.  (Id.)  As with the deposits of the four checks from the Cleary mail room, the Government presented evidence that Petitioner, Conde, and Magassouba each made many phone calls to one another in the week leading up to the deposit of the Rehn checks.  (See Gov't Ex. 1060.)

Next, the jury heard evidence that Petitioner, along with Conde and Magassouba, attempted to arrange for the cashing of several stolen checks, and in particular a check for $191,000 from TriZetto Group, Inc., by soliciting the help of undercover FBI agent Bempsey Co ("Agent Co"), who was posing as a bank manager that was corrupt.  (Tr. 205-06, 209-11, 281-97, 314-22; see also Gov't Ex. 99-3-T at 19.)  Agent Co recorded his conversations with Petitioner and Magassouba and the jury heard these tapes at trial.  (Tr. 209-11, 296-97; see also Gov't Ex. 99-2-T to -7-T.)  In one discussion,

The jury also heard evidence that, during the period the three co-conspirators were working with Agent Co to cash stolen checks, Petitioner, Conde, and Magassouba accomplished the takeover of a Bank of America credit card account held by Brooklyn-based businessman

Moise Mizrahi ("Mizrahi").  (Tr. 25-26.)  Evidence showed that, on November 7, 2006, a caller, claiming to be Mizrahi, provided a Bank of America customer service representative with Mizrahi's means of identity and Social Security number, added a new password to the account, and requested that the account's line of credit be increased to the maximum limit of $12,600. (Tr. 96-100; Gov't Ex. 806.)  Later that day, Bank of America received another call from someone using the new password and claiming to be Mizrahi, who requested that $8,200 be transferred from Mizrahi's credit card account to Petitioner's personal Chase account.  (Tr. 105-09; Gov't Ex. 806.)  The funds were transferred to Petitioner's account, and that same day at a branch in the Bronx, Petitioner withdrew $4,200 in cash from his Chase account.  (Tr. 118, 120, 480-81; Gov't Ex. 806, 812.)  On November 13, Petitioner withdrew another $3,800 in cash from a second Chase branch in the Bronx.  (Id. 45-49.)  Several hours after this second withdrawal, Petitioner was arrested while meeting with Magassouba and Agent Co.  (Tr. 543-44.)  At the time of his arrest, Petitioner had approximately $1,010, primarily in $100 bills, in his pocket.  (Tr. 341-44, 545.)

**C.     Jury Verdict**

On March 3, 2009, the jury issued a verdict finding Petitioner guilty on all eight counts charged in the Indictment.  (See J. in a Criminal Case, July 8, 2009, ECF No. 62.)  On July 8, 2009, Petitioner was sentenced to serve concurrent terms of 41 months' imprisonment on the conspiracy count and on each of the bank fraud counts.  (Id.)  Petitioner was also sentenced to serve a consecutive term of 24 months' imprisonment on the aggravated identity theft count. (Id.)  The Court ordered that the term of imprisonment be followed by concurrent terms of three years' supervised release and imposed a mandatory $800 special assessment.  (Id.)  The Court further ordered Petitioner to pay restitution in the amount of $50,409.02.  (Id.)

**D.      The Appeal**

Counsel for Petitioner filed a notice of appeal on July 9, 2009.  (Notice of Appeal, July 9, 2009, ECF No. 63.)  Appellate counsel argued that (1) venue in the Southern District of New York was not proven by a preponderance of the evidence with respect to the aggravated identity theft count charged in Count Eight of the Indictment; and (2) the district court had erred in determining the applicable losses for sentencing enhancement purposes under the United States Sentencing Guidelines (the "Sentencing Guidelines").  See Magassouba, 619 F.3d at 202; United States v. Magassouba, 391 F. App'x. 905, 906-07 (2d Cir. 2010).  On August 31, 2010, the Second Circuit published an opinion affirming Petitioner's conviction and holding that, because venue for the underlying predicate felony offense was appropriate, venue for the aggravated identity theft charge was also appropriate.  Magassouba, 619 F.3d at 202.  In a separate unpublished disposition, the Second Circuit concluded that this Court did not err in calculating the amount of the applicable losses under the Sentencing Guidelines.  Magassouba, 391 F. App'x at 905.  Petitioner did not seek a writ of certiorari.  (See Gov't's Answer in Resp. to § 2255 Petition ("Gov't Mem.") at 25, No. 07 CR 158, ECF No. 74.)

**E.      Petitioner's § 2255 Motion to Vacate**

On December 6, 2011, Petitioner filed the instant motion with this Court, arguing that appellate counsel had provided ineffective assistance by failing to challenge the sufficiency of the evidence as to Petitioner's conviction for aggravated identity theft under 18 U.S.C. § 1028A and that trial counsel had provided ineffective assistance by failing: to inform Petitioner as to the knowledge element required for a conviction under § 1028A; to object to testimony offered by a Government expert witness; to object to violations of the Speedy Trial Act; and to object to the constitutionality of the enhancement scheme embodied in the Sentencing Guidelines and applied

by this Court.  (Pet'r Mem. at 5-9.)  Petitioner is currently scheduled to be released on or about

August 12, 2013.  (Gov't Mem. at 5.)

## II.    LEGAL STANDARD

Ineffective assistance of counsel claims are not subject to the general procedural bar that

prohibits a petitioner from raising issues in a § 2255 motion which could have been raised on

direct appeal.  See Massaro v. United States, 538 U.S. 500, 504 (2003).  To succeed on an

ineffective assistance of counsel claim, a petitioner must "show that counsel's representation fell

below an objective standard of reasonableness . . . under prevailing professional norms."

Strickland v. Washington, 466 U.S. 668, 688 (1984); see also United States v. Aguirre, 912 F.2d

555, 560 (2d Cir. 1990).  A petitioner must also "show that there is a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have been different."

Strickland, 466 U.S. at 694.  Finally, where as here, a petitioner is proceeding pro se, the claims

presented must be liberally construed by the Court "to raise the strongest arguments that they

suggest."  Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (internal quotation marks

omitted); Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995).

## III.    DISCUSSION

### A.    Ineffective Assistance of Appellate Counsel for Failure to Challenge the Sufficiency Supporting Evidence as to Petitioner's Conviction for Aggravated Identity Theft under 18 U.S.C. § 1028A

Petitioner first argues that appellate counsel provided ineffective assistance by failing to

challenge the sufficiency of the evidence supporting Petitioner's conviction for aggravated

identity theft under 18 U.S.C. § 1028A.  (Pet'r Mem. at 5.)  Petitioner's argument here is

meritless.  The evidence presented against Petitioner was more than sufficient to show that

Petitioner had knowledge his theft of Mizrahi's means of identification to takeover and withdraw

funds from Mizrahi's credit card account involved the identity of an actual person.  Indeed, to accomplish this takeover, Petitioner, along with his co-conspirators, used Mizrahi's actual Social Security number, changed the account password, replaced Mizrahi's contact telephone number with one of their own, and increased the account's credit limit.  (See Tr. 45-50, 60-84, 96-100, 108-12, 118-20, 480-81; Gov't Ex. 806, 812.)  That Petitioner had direct knowledge as to the takeover of Mizrahi's credit card account and the transfer of $8,200 from Mizrahi's account into Petitioner's personal account is further supported by the fact that Agent Co recorded a phone conversation with Petitioner and his co-conspirator Magassouba discussing the specific steps by which the takeover at issue here was accomplished.  (See Tr. 277-78; Gov't Ex. 99-3-7.)  For these reasons, any sufficiency of the evidence challenge would have likely failed.  Cf. Jackson v. Virginia, 443 U.S. 307, 319 (1979) ("[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.").

Thus, on appeal, it was reasonable for counsel to forego a sufficiency of the evidence challenge and raise instead a challenge that was far more likely to be meritorious—that the Government had "failed to prove venue in the Southern District of New York by a preponderance of the evidence with respect to the aggravated identity theft count, because there was no evidence that [Petitioner had] transferred, possessed, or used another person's means of identification within the district."  Magassouba, 619 F.3d at 203.  Although the Second Circuit ultimately rejected this argument, see id., it was well within appellate counsel's "range of tactical strategy" to raise only this potentially meritorious challenge to the aggravated identity theft conviction, see United States v. Nikolov, No. 02 Civ. 310, 2002 WL 31545849, at *1-2 (S.D.N.Y. Nov. 14, 2002) ("[A]ppellate counsel's choice of issues to raise on appeal [i]s well

within the range of tactical strategy that is left to the professional judgment of defense

counsel."); see also Jones v. Barnes, 463 U.S. 745, 753 (1983) ("[T]o impose on appointed

counsel a duty to raise every 'colorable' claim suggested by a client would disserve the very goal

of vigorous and effective advocacy . . . ."). Because Petitioner has not shown that appellate

counsel's conduct fell below an objective standard of reasonableness, his claim of ineffective

assistance of appellate counsel fails. See Strickland, 466 U.S. at 688.

**B.     Ineffective Assistance of Trial Counsel for Failure to Inform Petitioner as to
        Elements of Aggravated Identity Theft under 18 U.S.C. § 1028A**

Petitioner argues trial counsel provided ineffective assistance by failing to inform him that

the Government had "to prove Petitioner used, (or otherwise facilitated the use of), the identity

of another . . . knowing that the identity employed belonged to an actual–rather than a

fictitious–person" in order to convict him for aggravated identity theft under § 1028A. (Pet'r

Mem. at 9.) Petitioner contends that, had his counsel informed him § 1028A requires a

defendant to know that he is using the identity of an actual person, Petitioner would have

testified that he had "absolutely no knowledge that the identity employed by the principle [sic]

offender in committing the offense belonged to an actual . . . person." (Id.) It was reasonable,

however, for trial counsel not to advise Petitioner that he should testify as to whether he knew

that Mizrahi's means of identification for the credit card account belonged to an actual person.

Such testimony would have required Petitioner to admit that he was involved in the takeover and

withdrawal of funds from Mizrahi's credit card account, which would have contravened

Petitioner's defense that he was not guilty of any of the charges brought by the Government.

(See Gov't Mem. at 24.) Moreover, even if counsel had informed Petitioner about § 1028A's

knowledge requirement, Petitioner cannot show—as he must under the second prong of

Strickland—that the error caused him any prejudice. See 466 U.S. at 694. As discussed supra,

the evidence presented at trial against Petitioner was strong.  Given the strength of this evidence, there is no reasonable probability that (1) Petitioner would have testified and that (2) his testimony would have altered the trial's outcome.  Accordingly, Petitioner's claim that trial counsel provided ineffective assistance by not informing Petitioner as to the knowledge element required for a conviction under § 1028A fails.

### C.   Ineffective Assistance of Counsel for Failure to Object to Hearsay Evidence

Petitioner next argues that trial counsel provided ineffective assistance by failing to object on hearsay grounds to the testimony of Bank of America fraud investigator Gregory Tutelian ("Tutelian").  (Pet'r Mem. at 5.)  At trial, the Government asked Tutelian to explain the "short hand" notes that Bank of America customer service representatives had created during conversations pertaining to Mizrahi's account.  (Tr. 80-82, 104-06; Gov't Ex. 806-R, 808-R.)  Petitioner argues this testimony violated the Constitution's Sixth Amendment Confrontation Clause because Tutelian was neither a party nor a witness to these customer service calls.  (Pet'r Mem. at 5.)  Accordingly, Petitioner argues, his attorney should have objected to the admission of Tutelian's testimony.  (Id.)

Petitioner's argument fails, however, because any objection to Tutelian's expert testimony would have been overruled.  Under Rule 803(6) of the Federal Rules of Evidence, documents generated in the regular course of business may be admitted at trial despite their hearsay status.  See  Melendez-Diaz v. Massachusetts, 557 U.S. 305, 321 (2009).  In order to be qualified to lay a foundation for these types of business records, expert witnesses, such as Tutelian, "need only have enough familiarity with the record-keeping system of the business in question to explain how the record came into existence in the ordinary course of business."  United States v. Lauersen, 348 F.3d 329, 342 (2d Cir. 2003) (internal quotation marks omitted).  Tutelian, who

testified that he had looked at thousands of customer service notes during his time as an investigator for Bank of America, more than met this qualification.  (See Tr. 80-82, 104-06.)  For this reason, Tutelian's testimony interpreting Bank of America's note-taking system did not constitute inadmissible hearsay, and trial counsel did not provide ineffective assistance by failing to object to submission of this testimony.

> **D.** **Ineffective Assistance of Counsel for Failure to Object to Violations of the Speedy Trial Act, 18 U.S.C. § 3161**

Petitioner argues that trial counsel provided ineffective assistance by failing to object to the number of days Petitioner was held in custody in violation of the Speedy Trial Act, 18 U.S.C. § 3161.  (Pet'r Mem. at 8.)  The Government responds with detailed calculations showing that the total unexcluded time Petitioner was held in custody amounted to no more than eight days, far below § 3161's seventy-day limit.  (See Gov't Mem. at 17-20.)  The Government's calculations demonstrate that Petitioner's rights under the Speedy Trial Act were not violated and that any motion asserting a Speedy Trial Act violation would have been meritless.  (See id.) Petitioner's trial counsel therefore did not provide ineffective assistance by failing to bring such an objection.  See United States v. Gomez, 644 F. Supp. 2d 362, 369 (S.D.N.Y. 2009) ("If a speedy trial motion likely would have been unsuccessful, trial counsel's failure to make the motion does not constitute ineffective assistance."); see also United States v. Ozsusamlar, No. 09 Civ. 3501, 2010 WL 69106, at *5 (S.D.N.Y. Jan. 7, 2010) ("Trial counsel's decision not to raise Petitioner's meritless speedy trial claim was a reasonable strategic choice, and thus did not render trial counsel's assistance ineffective.").

**E.    Ineffective Assistance of Counsel for Failure to Object to Constitutionality of Sentencing Guidelines**

Finally, Petitioner argues that trial counsel provided ineffective assistance by failing to object to a 16-level sentencing enhancement imposed by this Court based on calculations that Petitioner participated in criminal activity yielding intended losses between $1 million and $2.5 million.  (Pet'r Mem. at 9; see also Gov't Mem., Ex. P. at 18-19.)  Petitioner contends that, "[u]pon proper objection, the Sixth Amendment to the United States Constitution would have provided [him] with an available and viable defense against the type of judicial fact-finding which exposed him to an enhanced sentence."

But contrary to Petitioner's assertions, defense counsel did object at sentencing to the Government's assertion that the intended loss calculations supported a 16-level sentencing enhancement under the Sentencing Guidelines.  (See Gov't Mem. at 22-23; see also Gov't Mem., Ex. O-P.)  Moreover, appellate counsel raised a similar argument on appeal, and the Second Circuit affirmed this Court's applicable loss calculations and the sentence imposed.  See Magassouba, 391 F. App'x at 907 (relying on United States v. Uddin, 551 F.3d 176, 180 (2d Cir. 2009) ("Although the district court's factual findings relating to loss must be established by a preponderance of the evidence, the court need not establish the loss with precision but rather need only make a reasonable estimate of the loss, given the available information.") (internal quotation marks and citations omitted)).

Thus, as was required, Petitioner had an opportunity to rebut the Government's allegations at sentencing and trial counsel did not provide ineffective assistance by failing to object to the sentencing enhancement.  See United States v. Maher, 226 F.3d 150, 151-52 (2d Cir. 2000).  Petitioner's challenge also fails because, following the Supreme Court's ruling in

United States v. Booker, 543 U.S. 220 (2005), the Sentencing Guidelines are advisory in nature and this Court did, in fact, impose a sentence below the Sentencing Guidelines.

**IV.   CONCLUSION**

For the reasons stated above, Petitioner's § 2255 motion to vacate is DENIED. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is DENIED for the purpose of appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). As the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

It is so ordered.

Dated: New York, New York
November 8, 2012

Robert P. Patterson, Jr.
U.S.D.J.

**Copies of this Opinion & Order were sent to:**

*Pro Se Petitioner:*
Mr. Al Alim Barrie
Register No. 59519-054
Dalby Correctional Institution
805 North Avenue F
Post, TX 79356

*Counsel for United States:*
Marcus Aaron Asner
U.S. Attorney's Office, SDNY
One St. Andrew's Plaza
New York, NY 10007
212-637-2483
Fax: 212-627-2620
Email: marcus.asner@usdoj.gov

Daniel Walter Levy
U.S. Attorney's Office, SDNY
One St. Andrew's Plaza
New York, NY 10007
(212) 637-1062
Fax: (212) 637-2429
Email: daniel.levy@usdoj.gov